UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILBY JAMES BRANHAM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:19cv00520 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TIMOTHY TRENT, *et al.,* ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Wilby James Branham filed this § 1983 action against defendants Timothy Trent, administrator of the Blue Ridge Regional Jail Authority ("BRRJA"), and Raymond Espinoza, Facility Administrator at the Lynchburg Adult Detention Center ("LADC"), alleging that the defendants violated Branham's right to free exercise of religion when they denied him a prayer rug. The court previously denied defendants' first motion for summary judgment on the merits. (*See* ECF No. 22.) Defendants have now filed a second motion for summary judgment, seeking dismissal of the action as moot. Because Branham only seeks injunctive relief and has been transferred to a facility outside of the authority of the BRRJA, the court will grant the motion and dismiss Branham's claims.

I.

On July 7, 2019, the day he filed his suit, Branham was an inmate housed at the Lynchburg Adult Detention Center, a facility operated by BRRJA. Branham is a practicing Muslim whose religion requires him to pray regularly on a prayer rug. However, LADC and BRRJA officials denied Branham's repeated requests for such a rug, instead providing him with a towel as a substitute. Branham alleges that this substitution does not satisfy the dictates

of his religion and the defendants' justification for banning prayer rugs—that they are a security risk because they could conceal contraband—is pretextual because the towel substitute has the same dimensions as the rug he requested.

On November 1, 2019, defendants filed a motion for summary judgment on the merits. During the pendency of the defendants' summary judgment motion, Branham was sentenced and transferred to the Danville City Jail, where he will remain until he is transferred to a Virginia Department of Corrections facility. (*See* ECF No. 29-1.) The parties did not notify the court of this transfer. This court denied defendants' first motion for summary judgment on August 3, 2020. (*See* ECF No. 22.) Defendants have now filed a second motion for summary judgment, arguing that Branham's transfer renders the case moot.

II.

It is well established that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007). This rule follows from elementary principles of justiciability. Once an inmate has been transferred from an institution, he no longer has a cognizable legal interest in that institution's policies. And a grant of injunctive relief would not redress the inmate's injury or vindicate his rights. This principle applies to Branham's claims in this case. An injunction against LADC or BRRJA would do nothing to vindicate his rights as he is no longer housed in the facility where he claims his rights were being violated. Without some legal interest in the defendants' policies with respect to prayer rugs, Branham's claim is moot.

Attempting to avoid this conclusion, Branham argues that the violation of his rights is subject to an exception to mootness as it is "capable of repetition, yet evading review." (*See* ECF No. 36.) That doctrine applies where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Assuming, without deciding, that Branham can show that his one-year confinement at LADC was too short to fully litigate his claim, he cannot show that there is a reasonable expectation that he will be subject to the same action again. Both the Supreme Court and Fourth Circuit have been clear that an inmate may not invoke the "capable of repetition, yet evading review" exception where repetition would only be possible if the inmate were to commit further unlawful action. *See Spencer v. Kemna*, 523 U.S. 1, 15 (1998) ("We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction"); *Incumaa*, 507 F.3d at 289 ("We surely cannot base our mootness jurisprudence in this context on the likelihood that an inmate will fail to follow prison rules"); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005) ("Because we presume that Slade will abide by the criminal laws of Virginia in the future, we do not believe there is a reasonable probability that he will return to the Jail"). Here, Branham would only return to LADC if he serves his current term in the Virginia Department of Corrections and subsequently reoffends in the same jurisdiction and is incarcerated in the same facility. Because this Court presumes Branham will abide by the law in the future, the alleged violation of his First Amendment rights does not qualify for the "capable of repetition, yet evading review" exception.

III.

Because Branham has been transferred from the correctional institution against which he brought his claim for injunctive relief, that claim is moot and must be dismissed. Therefore, the court will grant defendants' second motion for summary judgment.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 18th day of November, 2020.

                                                **/s/ Thomas T. Cullen**
                                                HON. THOMAS T. CULLEN
                                                UNITED STATES DISTRICT JUDGE